UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAKHBIR BAL SINGH,

    Petitioner,

v.

NEIL CLARK,

    Respondent.

CASE NO. C06-1387-MJP-MJB

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

On September 25, 2006, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. #4). Petitioner requests that he be released from custody, alleging that he is being indefinitely detained contrary to the mandate in *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Respondent has filed a motion to dismiss, arguing that petitioner is lawfully detained without bond pursuant to the mandatory detention provision of the Immigration and Nationality Act ("INA"), INA § 236(c), 8 U.S.C. § 1226(c), because he is an aggravated felon. Respondent further argues that petitioner's detention is neither unlawful nor indefinite because ICE has secured the necessary

REPORT AND RECOMMENDATION
PAGE – 1

travel documents for petitioner's return to India, and that the only obstacle preventing his removal is the Ninth Circuit's stay of removal. (Dkt. #8).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #4) be DENIED and respondent's motion to dismiss (Dkt. #8) be GRANTED.

## II.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner Lakhbir Bal Singh is a native and citizen of India. On or about October 24, 1980, he illegally entered the United States without inspection at or near San Ysidro, California. (Dkt. #10 at L50-51, L179). On March 5, 1990, petitioner adjusted his status to that of lawful permanent resident under INA § 245A, as an alien who had entered the United States illegally prior to January 1, 1982. *Id*.

On January 14, 1997, petitioner filed an application for naturalization. (Dkt. #10 at L22-25). On October 2, 2000, January 29, 2001, and April 10, 2001, the former Immigration and Naturalization Service[1] ("INS") sent petitioner a request for appearance to be fingerprinted. (Dkt. #10 at L27, L50). On October 10, 2001, the INS issued a notice denying petitioner's application for naturalization as abandoned under 8 C.F.R. § 103.2(b)(13), for failing to appear for fingerprints following three requests. (Dkt. #10 at L27). The notice indicated that the decision could not be appealed, but that petitioner could file a motion to reopen with evidence that the decision was in error within 30 days of the decision. *Id.*

On or about November 4, 2004, petitioner was encountered by immigration officials at the Contra Costa County Detention Facility in California, where he was serving a 365-day sentence following a conviction for Sexual Battery in violation of Section 243.4(a) of the California Penal

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security ("DHS").

REPORT AND RECOMMENDATION
PAGE – 2

Code. (Dkt. #10 at R543). On July 5, 2005, ICE issued a Notice to Appear, charging petitioner with removability under INA § 237(a)(2)(A)(ii), for having been convicted of two crimes[2] involving moral turpitude; under INA §237(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(F), relating to the sexual abuse of a minor; and under INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(F), for which the term of imprisonment ordered was at least one year. (Dkt. #10 at L45-49). On July 13, 2005, an immigration detainer was issued to the California Department of Corrections. (Dkt. #10 at R315-16). Petitioner was taken into immigration custody directly from the California Department of Corrections on August 18, 2005. (Dkt. #10 at L40). Petitioner was served with a copy of the Notice to Appear and a Notice of Custody Determination. (Dkt. #10 at L40). Petitioner requested a prompt hearing before an Immigration Judge ("IJ"), and a bond redetermination of his custody. (Dkt. #10 at L40, L36).

Appearing in Immigration Court pro se, petitioner admitted the factual allegations in the Notice to Appear and conceded his removability as charged. (Dkt. #10 at L143, 151, 197-206). The IJ determined that petitioner was not eligible for any form of relief, and on October 5, 2005, ordered petitioner removed to India. (Dkt. #10 at L156, 197). Petitioner waived his right to appeal the IJ's determination. (Dkt. #10 at L197).

On October 27, 2005, and on November 4, 2005, petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"). (Dkt. #10 at L52-139, L162-96). On February 7, 2006, the BIA dismissed the appeal, finding that the IJ's decision became final upon petitioner's waiver of his right to appeal, and that the BIA lacked jurisdiction to consider the appeal. (Dkt.

---

[2] Petitioner was also convicted of Possessing a Forged Instrument with the Intent to Defraud on December 16, 1998, and of Knowingly Receiving Stolen Property on August 6, 2001. (Dkt. #10 at L45-49).

REPORT AND RECOMMENDATION
PAGE – 3

#10 at L160-61).

On March 6, 2006, petitioner filed a Petition for Review with the Ninth Circuit Court of Appeals, challenging the IJ's order of removal, and the BIA's denial of his appeal. (Dkt. #10 at L261-77, L279-95, L550-64). Petitioner also asserted that he was entitled to U.S. citizenship because he had completed an application for naturalization. (Dkt. #10 at L279-93). The filing of the Petition for Review triggered a temporary stay of removal, pursuant to Ninth Circuit's General Order 6.4.

On March 13, 2006, petitioner filed a Motion to Reopen with the Immigration Court. (Dkt. #10 at L211-232, L239-260). On March 31, 2006, the IJ denied petitioner's motion to reopen as untimely. The IJ noted that, even if petitioner's motion to reopen were not untimely, he would deny the motion as the Immigration Court lacks jurisdiction to entertain a claim that the Department of Homeland Security violated petitioner's due process rights by failing to adjudicate his application for naturalization. (Dkt. #10 at L305-08). The IJ further noted that he would not certify petitioner's case for consideration by the BIA because the BIA also lacks jurisdiction to entertain petitioner's claim. The IJ also stated that "the [Immigration] Court will not certify [petitioner's] case for consideration by a federal district court as no procedure exists under the Immigration and Nationality Act." (Dkt. #10 at L307).

On May 1, 2006, petitioner appealed the IJ's March 31, 2006 decision to the BIA. (Dkt. #10 at L300-01, L310). On June 30, 2006, the BIA denied the appeal, stating that "[t]he Board and Immigration Judges have not been delegated any authority by the Attorney General to determine if an alien is actually eligible for naturalization, whether the denial by the DHS of naturalization application was proper, or whether the DHS has acted properly in its adjudication of an application. *See generally* 8 C.F.R. §§ 1335.12-13; 1336.1-2; 1336.9." (Dkt. #10 at L315-16).

REPORT AND RECOMMENDATION
PAGE – 4

On September 6, 2006, petitioner filed a second Petition for Review in the Ninth Circuit, challenging the BIA's June 30, 2006 decision. *See Bal v. Gonzales*, No. 06-74356 (9th Cir. filed Sept. 9, 2006). The filing of this Petition for Review also triggered a temporary stay of removal, pursuant to the Ninth Circuit's General Order 6.4.

On September 25, 2006, petitioner filed the instant habeas petition, challenging his detention. (Dkt. #4). On October 30, 2006, respondent filed a return memorandum and motion to dismiss. (Dkt. #8). On November 17, 2006, petitioner filed a motion to compel, Dkt. #11, a response to the government's motion to dismiss, Dkt. #12, and a motion for judicial notice (Dkt. #13), which the Court construes as a supplemental response to the government's motion to dismiss. On November 17, 2006, respondent filed a reply brief. (Dkt. #14). Petitioner filed a rebuttal to the government's reply on December 8, 2006. (Dkt. #15).

On December 1, 2006, the Ninth Circuit granted the Government's motion for summary disposition and denied petitioner's first Petition for Review on the merits. *Bal v. Gonzales*, 2006 WL 3479036 (9th Cir. 2006). On December 11, 2006, petitioner filed a petition for panel rehearing and petition for rehearing en banc, which remains pending. *Bal v. Gonzales*, No.06-71191 (9th Cir.).

On December 13, 2006, petitioner filed a second Petition for Writ of Habeas Corpus and request for stay of removal, seeking adjudication of his application for naturalization. (C06-1771-MJP-MAT, Dkt. #6). The Court subsequently entered a temporary stay of removal *pendente lite*. (C06-1771-JLR-MAT, Dkt. #7). The Honorable James L. Robart transferred the matter to the Honorable Marsha J. Pechman as related to C06-1387-MJP-MJB. (C06-1771-MJP-MAT, Dkt. #8).

On January 17, 2007, the Ninth Circuit dismissed petitioner's second Petition for Review for failure to pay the filing fee. *Id.*

REPORT AND RECOMMENDATION
PAGE – 5

The instant habeas petition, the motion to dismiss, and all other pending motions in Case No. C06-1387-MJP-MJB are now ready for review.

### III.  DISCUSSION

A.  <u>Petitioner is Subject to Mandatory Detention</u>.

Section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, provides the framework for the arrest, detention, and release of aliens in removal proceedings.  Once removal proceedings have been completed, detention and release of the alien shifts to INA § 241, 8 U.S.C. § 1231.  The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1).  INA § 241(a)(1)(B) provides that:

> The removal period begins on the latest of the following:
>
> (I) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added).  Thus, pursuant to Section 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under Section 236 until the court renders its decision.  *See Ma v. Ashcroft,* 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) (stating, "[i]f the removal order is stayed pending judicial review, the ninety day period begins running after the reviewing court's final order.); *see also Martinez v. Jaramillo v. Thompson*, 120 Fed. App'x 714, 717 (9th Cir. 2005) (holding that where a stay of removal is granted pending judicial review, INA § 236 provides the statutory basis for detention).

INA § 236(c)(1) directs the Attorney General to take into custody any alien who:

REPORT AND RECOMMENDATION
PAGE – 6

> (A) is inadmissable by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(I) of this title on the basis of an offense for which the alien has been sentence [sic] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissable under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, when the alien is released . . .

INA § 236(c), 8 U.S.C. § 1226(c).

Here, the Ninth Circuit has issued a stay of removal pending its review of the BIA's decision. The petitioner admitted the factual allegations contained in the Notice to Appear and conceded he was removable from the United States pursuant to INA §§ 237(a)(2)(A)(ii) and (iii). Accordingly, petitioner is subject to mandatory detention under INA § 236(c)(1)(B), because he has been convicted of an aggravated felony.

B.   <u>Petitioner is Not Being Detained Indefinitely</u>.

Petitioner argues that he is being held indefinitely, in violation of *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), and that he must be released because there is no significant likelihood that he will be removed in the reasonably foreseeable future. (Dkt. #12 at 11). Respondent argues that there is a significant likelihood that petitioner will be removed in the reasonably foreseeable future, and that petitioner's detention is neither unlawful nor indefinite. (Dkt. #8 at 7).

The post-removal-order detention statute, INA § 241(a)(1), 8 U.S.C. § 1231(a)(1), provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of three months. This three months may be followed by an additional three months discretionary detention during which detention remains presumptively valid. *Zadvydas*, 533 U.S.

REPORT AND RECOMMENDATION
PAGE – 7

at 701. In *Zadvydas*, the Supreme Court explained that after this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no reasonable likelihood of removal in the reasonably foreseeable future." *Id.* If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

Petitioner's reliance on *Zadvydas* is misplaced because, as discussed above, the 90-day removal period has not yet commenced. Moreover, petitioner has not demonstrated that his removal to India is not significantly likely in the reasonably foreseeable future. *See Zadvydas* at 701. As indicated in the record, ICE has already secured travel documents for petitioner's removal to India. (Dkt. #8 at 8). Thus, the only thing preventing petitioner's removal is his Petition for Review and related stay of removal. Once the Ninth Circuit decides his appeal, ICE will remove or release petitioner. *See Bequir v. Clark*, Case No. 05-1587-RSM-JPD (Dkt. #23 at 3). Thus, contrary to the petitioner in *Zadvydas*, petitioner's detention is neither "indefinite" nor "potentially permanent." *Zadvydas*, 533 U.S. at 690-91. Accordingly, petitioner has failed to make a threshold showing of indefinite detention.

Petitioner also asserts in conclusory fashion that he "has not been granted anything like due process," because his custody review "occurred largely without any interview and violated the standards that are set forth in the INA." (Dkt. #12 at 9). Contrary to petitioner's claim, petitioner was given an individualized custody review on the issue of his release and an interview was conducted relating to his employment history, proposed employment, family/community ties, and education level. (Dkt. #10 at R535-544, R495-511). The Post Order Custody Review indicates that ICE served on petitioner a notification of review, informing petitioner that he may submit any information in support of his release. (Dkt. #10 at R544). Following petitioner's

REPORT AND RECOMMENDATION
PAGE – 8

review, ICE field office director determined that petitioner was an aggravated felon pursuant to INA § 101(a)(43)(A), that travel documents had been issued by the Government of India, and that petitioner was subject to immediate removal following the disposition of his petition for review. Thus, ICE determined that petitioner should remain detained pending a final determination by the Ninth Circuit. Accordingly, petitioner's claim fails because he has not made a showing that respondent violated his due process rights.[3]

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 13th day of February, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge

---

[3] Petitioner has also filed a motion to compel, Dkt. #11, seeking to compel production of eleven pages which were redacted from petitioner's Administrative Record filed with the Court on October 30, 2006. (Dkt. #10). Petitioner asserts that the "documents may be necessary in proving this case and the Petitioner has a right to the Documents." (Dkt. #11). Respondent has opposed petitioner's motion to compel, arguing that the pages were redacted pursuant to 5 U.S.C. § 552(b)(7), and thus, are not subject to discovery. (Dkt. #14 at 4). The Court concludes that the information sought would not help to resolve this case. As reflected in the Report and Recommendation, it does not appear that the apparent unavailability of the documents sought has in any respect hindered plaintiff in litigating this matter.
    In sum, the Court finds no basis for granting petitioner's motion to compel. Accordingly, his motion to compel (Dkt. #11) should be DENIED.

REPORT AND RECOMMENDATION
PAGE – 9