UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LAKHBIR BAL SINGH, | | |
| | Petitioner, | |
| | | NO. C06-1387P |
| v. | | |
| NEIL CLARK, | | |
| | Respondent. | ORDER OF DISMISSAL |
| ——————————————— | | |
| LAKHBIR BAL-SINGH, | | |
| | Petitioner, | NO. C06-1771P |
| v. | | |
| A. NEIL CLARK and the UNITED STATES ATTORNEY GENERAL, | | |
| | Respondents. | |

Petitioner Lakhbir Bal Singh has two actions pending in this Court: (1) case number C06-1387; and (2) case number C06-1771.[1] The Court has consolidated the two actions. In case number C06-1387, Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. In case number C06-

---

[1] Petitioner identified himself as "Lakhbir Bal Singh" in the petition filed under case number C06-1387 and as "Lakhbir Bal-Singh" in the petition filed under case number C06-1771. However, Petitioner has identified himself as "Lakhbir Singh Bal" in other pleadings.

ORDER - 1

1771, Petitioner alleges that he was denied due process in connection with his application for naturalization, which was filed in 1997 and denied as abandoned in 2001.

Magistrate Judge Monica J. Benton has issued a report and recommendation (R&R) in case number C06-1387. Judge Benton recommends that the Court deny Petitioner's habeas petition and dismiss the case. Petitioner has filed objections to the R&R. Respondents have also moved to dismiss case number C06-1771 on jurisdictional grounds. Petitioner has filed a brief in opposition to Respondents' motion.

Having reviewed Judge Benton's R&R and the materials submitted by the parties in both cases, the Court ORDERS as follows:

(1)   The Court ADOPTS Judge Benton's R&R in case number C06-1387.

(2)   The Court GRANTS Respondents' motions to dismiss case numbers C06-1387 and C06-1771.

(3)   The Court VACATES the temporary stay of removal entered in case number C06-1771 on January 16, 2007.

The reasons for the Court's order are set forth below.

**Background**

Petitioner is a citizen of India. He entered the United States illegally in 1980, but was permitted to adjust to lawful permanent resident status in 1990. Petitioner filed an application for naturalization on January 14, 1997. However, on October 10, 2001, the former Immigration and Naturalization Service (INS) denied his application for naturalization as abandoned because Petitioner had failed to appear for fingerprinting following multiple requests.

In July 2005, Immigration and Customs Enforcement (ICE) charged Petitioner with removability for various offenses, including conviction of an aggravated felony relating to the sexual abuse of a minor. Petitioner was taken into immigration custody in August 2005. On October 5, 2005, the Immigration Court held a hearing and ordered Petitioner's removal to India. At the

ORDER - 2

hearing, Petitioner waived his right to appeal that determination. However, on October 27, 2005, Petitioner filed a notice of appeal with the Board of Immigration Appeals (BIA). After BIA denied his appeal, Petitioner filed a petition for review with the Ninth Circuit to challenge the order of removal and the BIA's denial of his appeal. Petitioner also claimed that he was entitled to U.S. citizenship because he had completed an application for naturalization. The filing of the petition for review in the Ninth Circuit triggered a temporary stay of Petitioner's removal.

In March 2006, Petitioner filed a motion in the Immigration Court to reopen his 1997 naturalization application. The Immigration Court denied the motion. Petitioner appealed the decision to the BIA, which denied the appeal in June 2006. On September 6, 2006, Petitioner filed a second petition for review in the Ninth Circuit to challenge the BIA's June 2006 decision. The filing of the second petition for review also triggered a temporary stay of Petitioner's removal.

On September 25, 2006, Petitioner filed a habeas petition in this Court to challenge his detention in ICE custody. That petition was assigned case number C06-1387. Judge Benton has issued a report and recommendation which recommends that the habeas petition should be dismissed.

On December 13, 2006, Petitioner filed a second petition in this Court, which requests a stay of removal and seeks various forms of relief with respect to his 1997 application for naturalization. That petition was assigned case number C06-1771 and was initially assigned to Judge Robart of this Court. On January 16, 2007, Judge Robart issued a temporary stay of removal pending a resolution of the petition. Case number C06-1771 was later transferred to the undersigned judge and has been consolidated with case number C06-1387.

The Ninth Circuit has now denied both of Petitioner's petitions for review. The Ninth Circuit denied Petitioner's first petition for review on December 1, 2006. Although Petitioner filed a petition for a panel rehearing and a rehearing en banc, the Ninth Circuit denied those requests on February 14, 2007 and issued its mandate on February 22, 2007. The Ninth Circuit also dismissed Petitioner's second petition for review January 17, 2007 for failure to pay the filing fee.

ORDER - 3

**Analysis**

1. <u>Case Number C06-1387</u>

In his habeas petition filed under case number C06-1387, Petitioner alleges that he is being detained in ICE custody in violation of his due process rights. On February 13, 2007, Judge Benton issued a report and recommendation on Respondent's motion to dismiss the petition. Judge Benton found that Petitioner was subject to mandatory detention under § 236(c)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(c)(1)(B), because Petitioner's removal order was still under judicial review by the Ninth Circuit and because Petitioner had been convicted of an aggravated felony.

Judge Benton also found that Petitioner was not being indefinitely detained in violation of <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), which provides for a presumptively reasonable six-month period for detaining aliens under final orders of removal from the United States. Judge Benton noted that Petitioner's "removal period" under <u>Zadvydas</u> had not yet begun to run because his removal order was still under judicial review by the Ninth Circuit. In addition, Judge Benton found that Petitioner had failed to demonstrate that his removal to India was not significantly likely to occur in the reasonably foreseeable future.

In his objections to the R&R, Petitioner suggests that he is being wrongfully detained because he is a "putative citizen" of the United States. Because Petitioner raises similar arguments in his habeas petition in case number C06-1771, the Court will address those arguments later in this Order in its discussion of case number C06-1771. Petitioner also argues that he should be given a bond hearing, arguing that his detention is potentially indefinite.

In its response to Petitioner's objections, Respondents argue that Petitioner's custody status has changed since Judge Benton issued the R&R on February 13th. Respondents note that on February 22, 2007, the Ninth Circuit issued its mandate regarding Petitioner's petition for review of his removal order. In light of the Ninth Circuit's decision, Respondents argue that Petitioner's detention is now authorized by INA § 241(a)(2), rather than INA § 236(c).

ORDER - 4

As Judge Benton explained in her R&R "[t]he determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1)," which provides:

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

(R&R at 6) (citing 8 U.S.C. § 1231(a)(1)(B)). Respondents argue that Petitioner's "removal period" under § 241 began on February 22, 2007, the date that the Ninth Circuit issued its mandate denying Petitioner's petition for review of his removal order. Respondents note that Zadvyvas authorizes post-removal period detention for a presumptively reasonable period of six months (i.e., until August 22, 2007).

In response, Petitioner appears to suggest that his "removal period" under § 241 has not yet been triggered and that he is still being detained under § 236 because Judge Robart issued a temporary stay of his removal in case number C06-1771. However, even if this argument is correct, it would not entitle Petitioner to habeas relief. Even assuming that Petitioner's detention is still governed by § 236 rather than § 241 due to the temporary stay of removal issued in C06-1771, Petitioner would not be entitled to release from custody or a bond hearing. As Judge Benton noted in the R&R, Petitioner is subject to mandatory detention under § 236(c)(1)(B) because he has been convicted of an aggravated felony. In addition, Petitioner has made no showing that his removal is not likely to occur in the reasonably foreseeable future. Instead, it appears that the temporary stay of removal issued in case number C06-1771 is the only barrier to Petitioner's removal to India.

ORDER - 5

1   Therefore, the Court agrees with Judge Benton that Petitioner's habeas petition in case number

2   C06-1387 should be denied and that the case should be dismissed.[2]

3   2.   Case Number C06-1771

4   On December 13, 2006, Petitioner filed a second petition in this Court, which was assigned

5   case number C06-1771. Petitioner labeled this pleading as an "Emergency Petition for Writ of Habeas

6   Corpus and Petition for Emergency Stay of this Deportation." As noted earlier, C06-1771 was

7   initially assigned to Judge Robart, who issued an order on January 16, 2007 that granted Petitioner's

8   motion for a temporary stay of removal pending a decision in this case. C06-1771 was later

9   transferred to the undersigned judge as related to C06-1387.

10  In his second petition, Petitioner claims that he was denied due process in connection with his

11  January 1997 application for naturalization, which was denied as abandoned in October 2001 due to

12  Petitioner's failure to appear to be fingerprinted by the INS. Petitioner states the "relief requested" in

13  his second petition as follows:

> The Appellant here urges that the matter be remanded to the District Court for adjudication of this citizenship issue and for a hearing on the denial of due process on the citizenship application. Alternatively, the Appellant urges the Court to remand to the BIA to hold a hearing on the issue of the Denial of Due Process Claims and to issue a definitive ruling on that matter of citizenship.

17  (Petition at 3.) Respondents have moved to dismiss the second petition, arguing that this Court lacks

18  jurisdiction to hear Petitioner's claims.

19  As a preliminary matter, Petitioner appears to seek the appointment of counsel in case number

20  C06-1771. The Court denies this request. There is no right to counsel in civil cases or in habeas

21  proceedings. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Bonin v. Vasquez, 999

22  F.2d 425, 429 (9th Cir. 1993). Under 28 U.S.C. § 1915(e)(1), a district court may request an attorney

23  to represent any person unable to afford counsel. However, appointment of counsel under Section

---

[2] The Court also agrees with Judge Benton's recommendation that Petitioner's motion to compel (Dkt. No. 11) should be denied for the reasons stated in the R&R. See R&R at 9 n.3.

ORDER - 6

1915(e)(1) is discretionary and is appropriate only in "exceptional circumstances." Rand, 113 F.3d at 1525.  Under 18 U.S.C. § 3006A(a)(2)(B), the Court also has discretion to appoint counsel in habeas proceedings when the interests of justice so require.  In determining whether to exercise its discretion to appoint counsel, the Court must consider Petitioner's likelihood of success on the merits as well as his ability to articulate his claims pro se in light of the complexity of the legal issues involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Here, Petitioner has not shown a likelihood of success on the merits, nor has he shown that he is unable to adequately articulate his claims in light of the complexity of the legal issues.  Therefore, the Court finds that appointment of counsel is not warranted.

The Court also agrees with Respondents that this Court lacks jurisdiction over the claims asserted by Petitioner in case number C06-1771.  To the extent the petition may be construed as a challenge to Petitioner's final order of removal, this Court lacks jurisdiction to hear such a challenge. See 8 U.S.C. § 1252(a)(5).  To the extent Petitioner argues that he should be regarded as a citizen of the United States as a result of alleged due process violations by Respondents, such a claim also must be brought in Court of Appeals.  See 8 U.S.C. § 1252(b)(5); Taniguchi v. Schultz, 303 F.3d 950, 955 (9th Cir. 2002).  As Respondents note, citizenship claims that are improperly brought in the district court may, in some instances, be transferred to the Court of Appeals under 28 U.S.C. § 1361.  See Baeta v. Sonchik, 273 F.3d 1261, 1264 (9th Cir. 2001).  However, Petitioner has already raised similar arguments regarding his alleged entitlement to citizenship in his petition for review to the Ninth Circuit in USCA case number C06-71191.  Petitioner argued in his opening brief in that appeal that his claims were "based upon a denial of due process by the Agency, and the fact that the Appellant is entitled to citizenship in the United States."  (Administrative File at R-564.)  The Ninth Circuit denied Petitioner's appeal, stating that "the questions raised by this petition for review are so insubstantial as not to require further argument."  Bal v. Gonzales, 209 Fed. Appx. 676 at * 1 (9th Cir. Dec. 1, 2006).

ORDER - 7

Under these circumstances, there is no reason for the Court to transfer Petitioner's citizenship claims to the Ninth Circuit.

To the extent Petitioner is challenging the denial of his 1997 naturalization application, this Court would also lack jurisdiction to hear such claims. Petitioner appears to suggest that this Court may consider his naturalization application because the INS failed to adjudicate his application "within 120 days." (Response at 9.) This argument is not persuasive. Under 8 U.S.C. § 1447(b), a district court has jurisdiction to determine a naturalization application if the agency fails to "make a determination" on the application within 120 days of the "examination" on the application under 8 U.S.C. § 1446. Petitioner does not point to any evidence in the record indicating that such an examination occurred, which is necessary to trigger the 120-day clock for the agency to make a determination on the application. In any event, the INS made a determination on Petitioner's application in October 2001 when it denied the application as abandoned. As such, this Court does not have jurisdiction to determine Petitioner's naturalization application under 8 U.S.C. § 1447(b), which applies only when "there is a failure to make a determination" on the application by the agency.

8 U.S.C. § 1421(c) also provides that "[a] person whose application for naturalization . . . . is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides . . . ." However, this provision is inapplicable here because Petitioner did not have a hearing on his naturalization application before an immigration officer pursuant to Section 1447(a). See United States v. Hovsepian, 359 F.3d 1144, 1162 n.15.

In his response to Respondents' motion to dismiss, Petitioner alleges a variety of due process violations, including allegations that the INS failed to adjudicate I-130 applications filed by his wife, allegations that his administrative file includes materials for another person, allegations that he provided fingerprints to the INS, and allegations that someone forged his signature on a certified mail receipt for the October 2001 notice that his naturalization application had been denied as abandoned.

ORDER - 8

1  However, Petitioner points to no persuasive authority suggesting that such allegations would provide this Court with jurisdiction to adjudicate his 1997 naturalization application or to direct the BIA to hear such claims.

Therefore, the Court will grant Respondents' motion to dismiss case number C06-1771 for lack of jurisdiction. The Court also vacates the temporary stay of removal entered in C06-1771 on January 16, 2007.

## Conclusion

Petitioner is not entitled to the habeas corpus relief requested in case number C06-1387, nor does this Court have jurisdiction to provide the relief requested by Petitioner in case number C06-1771. Therefore, consistent with the discussion above, the Court:

(1) ADOPTS Judge Benton's R&R in case number C06-1387.

(2) GRANTS Respondents' motions to dismiss case numbers C06-1387 and C06-1771.

(3) VACATES the temporary stay of removal entered in case number C06-1771 on January 16, 2007.

The clerk is directed to send copies of this order to Petitioner and to all counsel of record.

Date: June 28, 2007

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 9